BARRON, Judge.
This is a speeding ticket case.
Arlon Richard Moss was cited by State Trooper S.P. Roberts on December 21,1981, for driving 65 miles per hour in a 55 zone on a highway in Etowah County. Moss was convicted in the district court of Etowah County, and was fined $100 and costs. He appealed to the circuit court, where the issue was tried by jury. The jury found him guilty, assessing a fine of $50 and costs, which the trial court entered as the judgment. Hence this appeal.
I
The first issue presented for review is appellant’s contention that there is a fatal variance between the charge and the evidence adduced.
The citation given by the officer to the appellant charges that appellant “did operate a motor vehicle at 65 miles per hour in a 55 MPH zone.” The district attorney’s complaint, filed upon appeal to the circuit court, charged that the appellant operated a motor vehicle on a public road in the county “in violation of Title 32-5A-171 of the 1975 Code of Alabama.”
*173 Appellant complains that the district attorney’s complaint is invalid in that it does not comply with the provisions of § 32-5A-177, Ala.Code 1975, which provides in part:
“In every charge of violation of any speed regulation in this article the complaint, also the summons of notice to appear, shall specify the speed at which the defendant is alleged to have driven, also the maximum speed applicable within the district or at the location.”
Appellant waived any defect in the complaint by proceeding to trial without challenging its sufficiency; consequently, nothing is before us to review on this point. See Flowers v. State, 402 So.2d 1088 (Ala. Crim.App.1981), cert. denied, Ex Parte Flowers, 402 So.2d 1094 (Ala.1981), and authorities cited therein.
In any case, we fail to perceive a material variance between the charge and the proof. The citation issued to appellant by Trooper Roberts recorded the trooper’s observation that appellant “did operate a motor vehicle at 65 miles per hour in a 55 MPH zone.” The district attorney’s complaint charged that the appellant operated a motor vehicle on a public road in the county “in violation of Title 32-5A-171 of the 1975 Code of Alabama.” The referenced code section sets out the 55 MPH maximum speed limit to be observed unless a different maximum rate is authorized by the governor. Trooper Roberts testified that he explained to appellant at the time of the citation that the area is posted as a “40 mile an hour zone,” but that he “was going to write him a ticket for it being a 55 zone just like it was open highway.”
There is no evidence or contention that the governor had authorized any different maximum speed limit other than the 55 MPH speed limit set out in the code section. Therefore, the issue presented for the jury’s determination under the speeding citation introduced into evidence was whether appellant was exceeding 55 miles per hour. The jury found from the evidence that he was exceeding 55 miles per hour.
Appellant was charged in the citation and the complaint with only one offense of exceeding the maximum lawful speed. Whether the speed zone was 40 MPH or 55 MPH would go only to the culpability of the offender, inasmuch as there are no degrees of this offense. Driving 65 MPH in a 40 MPH zone and driving 65 MPH in a 55 MPH zone are similar violations of the same law.
II
At the conclusion of the State’s case, appellant moved to exclude the evidence. At the conclusion of the case, appellant moved to dismiss the case on the basis of “insufficient evidence of guilt.” Both motions were properly denied by the trial court.
Trooper Roberts testified that he manually “clocked” appellant, using the speedometer of the trooper car “by pacing,” that is, remaining a fixed distance behind the car being checked. He further testified that his speedometer is verified for accuracy once a month, and that he observed appellant traveling at the rate of 65 miles per hour. By virtue of the fact that drivers are presumed to know that the maximum lawful speed, as provided in § 32-5A-177, Ala. Code 1975, is 55 MPH, this testimony alone is sufficient to support the jury’s finding.
In addition, appellant testified on cross-examination, in part, as follows:
“Q. Just answer the question. You don’t know whether you exceeded the speed limit—
“A. —No, sir, I do not watch my speedometer. I watch the traffic.

“Q. Well, when you got stopped did you tell him that your car was more fuel efficient at above 55?
“A. Well, I was appealing to him to understand the situation, and after the ticket was done wrote I wanted him to realize that I am a law abiding citizen and I believe in—and I mentioned that I had been driving a diesel automobile since 1963 and that if other folks had been driving *174 fuel conservative automobiles we wouldn’t be in this mess we were in, and he at that time mentioned that they drive those kind of cars at a hundred miles an hour on the autobahn in Germany.
“Q. But you are saying that you told him that your car drives better at higher speeds?
“A. Yes, sir, but that is not an admission of doing 65 miles an hour. I did tell him that.
“Q. You told him that?
“A. Yes, sir.
“Q. But you didn’t deny going the speed limit he wrote, did you?
“A. That is not a court of law in your automobile.
“Q. No sir, but you didn’t deny going the speed limit he wrote when he stopped you, did you?
“A. No, sir.”
We find no error in the trial court’s rulings on the sufficiency of the evidence.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.